O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| CYNTHIA CASTANEDA,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, CAL WESTERN RECONVEYANCE CORPORATION, WELLS FARGO BANK, N.A., and DOES 1–100, inclusive,<br><br>Defendants. | Case № 2:18-cv-02331-ODW-KS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AS UNOPPOSED [12]** |

## I. INTRODUCTION & PROCEDURAL HISTORY

Plaintiff Cynthia Castaneda filed this action on February 13, 2018. (ECF No. 1-1.) Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the case on March 22, 2018, contending that the Court has diversity jurisdiction because Wells Fargo and Plaintiff are diverse from one another and the amount in controversy exceeds $75,000. Wells Fargo also claims that the remaining Defendants, Wells Fargo Home Mortgage and Cal Western Reconveyance Corporation ("Cal Western"), should be disregarded for diversity purposes, because Wells Fargo Home Mortgage was erroneously sued separately from Wells Fargo and Cal Western was fraudulently joined. (ECF No. 1.)

On March 29, 2018, Wells Fargo moved to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6). (ECF No. 12.) Pursuant to Local Rules 7-9 and 7-10, Plaintiff's Opposition was due on April 16, 2018, and any Reply was due on April 23, 2018. To date, Plaintiff has not opposed Wells Fargo's Motion to Dismiss.

## II. FRAUDULENT JOINDER

Although Plaintiff has not moved to remand or challenged the Court's jurisdiction, the Court has an independent obligation to assess its own subject-matter jurisdiction. Because Cal Western is a California company, diversity jurisdiction exists only if Cal Western was fraudulently joined.

When a non-diverse defendant is present, removal based on diversity jurisdiction is only proper if that defendant is fraudulently joined. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Defendants seeking removal bear the burden of presenting "the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Wells Fargo claims that Cal Western is not a proper party to this lawsuit, because it is a "nominal party, mere stakeholder, and the former substituted trustee under the subject Deed of Trust, with absolutely no financial interest in the Property and against which no affirmative relief is being sought." (Notice of Removal 5, ECF No. 1.) The Court agrees that Plaintiff alleges no wrongdoing against Cal Western nor seeks affirmative relief from it. Additionally, in California, the trustee's duties are limited to those imposed by statute and by the contract, namely to foreclose upon default and to reconvey the deed of trust upon satisfaction of the secured debt. *Sherman v. Wells Fargo Bank, N.A.*, No. CIV S-11-0054-KJM-EFB, 2011 WL 1833090, at *2 (E.D. Cal. May 12, 2011). The trustee does not act as a fiduciary, but rather as a common agent for the trustor and beneficiary of the deed of trust. *Swanson v. EMC Mortgage Corp.*, No. CV F-09-1507-LJO-DLB, 2009 WL 4884245, at *3–4

(E.D. Cal. Dec. 10, 2009). Plaintiff does not allege that Cal Western violated any statutory or contractual duties it owed to Plaintiff. Further, Wells Fargo correctly points out that Cal Western is not the current trustee, and did not complete the foreclosure sale. (Notice of Removal 5, Exs. G, H.)

The Court agrees with Wells Fargo and finds that Cal Western is fraudulently joined and will not be considered for jurisdictional purposes.

## III. PLAINTIFF'S FAILURE TO OPPOSE WARRANTS GRANTING MOTION AS UNOPPOSED

Central District Local Rule 7-12 allows the Court to grant motions as unopposed in the event that a party does not respond. C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document] may be deemed consent to the granting or denial of the motion…."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule). In determining whether to grant an unopposed motion, courts weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal).

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff was served with the Motion to Dismiss, yet failed to oppose it. Further, Plaintiff has not provided any excuse for failing to oppose the motions, or sought an extension. The Court's need to manage its docket favors granting Wells Fargo's Motion to Dismiss, as unopposed.

The third factor addresses the potential risk of prejudice to Wells Fargo. Here, the risk of prejudice to Wells Fargo is slight. If, after the Court grants the Motion, Plaintiff does not seek reconsideration or other relief, then her case will have been dismissed. In the event that Plaintiff does seek reconsideration, and the Court grants it, Wells Fargo may simply refile the motion it has already prepared.

As for the availability of less drastic sanctions, Plaintiff's failure to oppose the Motion demonstrates that she is not interested in prosecuting this action. *See Rodriguez v. Nationstar Mortg. LLC*, No. 2:16-CV-5962-ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016) ("Where the Plaintiff does not oppose dismissal, it is unnecessary for the Court to consider less drastic alternatives."); *see also Ghazali*, 46 F.3d at 53. Almost two months have passed since the deadline for Plaintiff to oppose the Motion, but she still has not sought relief from the Court. While there may be less drastic sanctions available, this factor does not weigh heavily in either direction.

On balance, the *Ghazali* factors weigh in favor of granting Wells Fargo's Motion to Dismiss as unopposed. Accordingly, the Court **GRANTS** Wells Fargo's Motion to Dismiss. (ECF No. 12.)

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Wells Fargo's Motion (ECF No. 12), and **DISMISSES** Plaintiff's action, **with prejudice**.

**IT IS SO ORDERED.**

June 12, 2018

                              _____
                              **OTIS D. WRIGHT, II
                              UNITED STATES DISTRICT JUDGE**